## Higgins v. Higgins

*Paul P. Wisler,* for petitioner.

DANNEHOWER, J., April 11, 1939. — A petition for the annulment of a void marriage was filed alleging that a supposed or alleged marriage was contracted and celebrated between the parties on February 9, 1935, and that the said "Margaret Rita Higgins, under the name of Margaret Strobel, by decree of the Court of Common Pleas of Philadelphia County, dated November 9, 1934, was forbidden, and was not permitted to marry Francis Higgins, the libellant, during the lifetime of one Stanley J. Strobel, and the said Stanley J. Strobel was alive on February 9, 1935, the time of the supposed or alleged marriage between libellant and respondent, and he is still alive, the said decree being made as the result of a divorce proceeding by Stanley J. Strobel against Margaret Strobel on the grounds of adultery, the said Francis Higgins, the libellant herein, being named as the one with whom the said Margaret Strobel had committed adultery."

The judge to whom said petition was presented thought it advisable not to award a subpœna, but placed the matter on the argument list with notice to respondent. After argument, at which respondent failed to appear personally or by counsel, the matter is pending for disposition.

This case presents a novel question under The Divorce Law of May 2, 1929, P. L. 1237, and its amendments and under the Act of Assembly of March 13, 1815, P. L. 150, 48 PS §169. Where a spouse, divorced on the ground of adultery, has contracted a marriage with the corespondent or paramour (in violation of the Act of March 13, 1815, forbidding marriage with the person with

whom said crime was committed during the life of the former wife or husband), is said paramour entitled to have said marriage declared null and void?

The Act of March 13, 1815, supra, and the decree in divorce in Philadelphia County, prohibited Margaret Strobel, respondent, from marrying the corespondent, Francis De Sales Higgins, petitioner in this case, during the lifetime of the injured party, Stanley J. Strobel. This statute imposed upon respondent a personal disability to marry the corespondent, and it is competent for the legislature of any State, in furtherance of its public policy and good morals, to impose a disability upon its citizens restricting their right to contract a marriage. There is no question as to the general rule that a marriage which is valid by the law of the place where it is solemnized is valid everywhere. Of course, even this general rule has its exceptions, where the particular marriage is contrary to good morals, or public policy or to the positive statutes of the country where it is sought to be enforced: Stull's Estate, 183 Pa. 625. But there is a distinction between recognizing the validity of the marriage and giving certain legal effect to such a marriage. Attention of counsel for petitioner is directed to the case of Adams v. Adams, 2 Chester Co. 560 (1885), where the petition to declare such a marriage void was dismissed and refused.

In the present case, the petition does not state where the alleged marriage sought to be annulled was contracted. It may have been contracted in this State or some other State, where the parties had moved and been domiciled. This fact might make a difference according to principles laid down in A. L. I. Restatement Conflict of Laws.

Attention is likewise directed to the Act of July 15, 1935, P. L. 1013, sec. 1, which amends section 12 of The Divorce Law of 1929, supra, because it adds a new feature to the provisions for the annulment of marriages.

"In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time [of] the supposed or alleged marriage, or, if, for any other lawful reason, the said supposed or alleged marriage was absolutely void when contracted, such supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony."

Section 1 of the Act of June 10, 1935, P. L. 294, provides:

"Petitions or libels for the annulment of void or voidable marriages may be exhibited to the court of common pleas of the county where the marriage was contracted, or in the county where either the libellant or respondent resides, and, in such cases, residence of the libellant within the county or State, for any period shall not be required."

These are new provisions in the law of divorce in Pennsylvania. The "other lawful reason" means other than precontract (bigamy). What any "other" reason implies beyond that, is not clear. It covers a field which will have to be clarified by judicial interpretation. So far, no reported case appears to have passed upon this point.

Under these sections, either party may bring proceedings for annulment whether libellant be guilty or an innocent party, nor is it material whether the guilt, if any, is conscious or unconscious: Juliano v. Juliano, 24 D. & C. 585 (1935).

As all the material and necessary facts do not appear in the petition for annulment, we do not, at this time before a subpœna has issued, feel called upon to decide these various legal questions. We believe that a subpœna to show cause why the alleged marriage should not be declared null and void should be awarded, so that all the facts can be presented before the master, otherwise

we would be prejudging the case without all the material facts.

And now, April 11, 1939, for the foregoing reasons, we deem it advisable to award a subpœna as prayed for.